MARTIN & MILLIKEN v. THE PROBATE JUDGE OF ROOKS COUNTY.

DRUGGISTS' PERMIT, *Refused; No Appeal.* The refusal by a probate judge to grant to an applicant a druggists' permit, under the provisions of § 2, ch. 128, of the act to prohibit the manufacture and sale of intoxicating liquors, except for specific purposes, is not the exercise of judicial functions, and is not appealable or reviewable.

*Error from Rooks District Court.*

THE opinion states the nature of the action, and the facts. January 15, 1884, judgment against the plaintiffs, *Martin & Milliken,* who bring the case to this court.

*E. F. Robinson,* and *Barnes & Reville,* for plaintiffs in error.

*C. W. Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: G. S. Martin and N. Milliken, composing the firm of Martin & Milliken, residents of Stockton, Rooks county, on November 15, 1883, applied to the probate judge of that county for a druggists' permit to sell intoxicating liquors for medical, scientific and mechanical purposes. The petition presented was in conformity with the statute, and the bond tendered sufficient. The probate judge refused the permit, and gave as his reason that he believed G. S. Martin, of the said firm of Martin &

Milliken, while a member of the firm of Barrus & Martin, violated a permit granted to Barrus & Martin; and that he further believed if a permit was granted to said Martin & Milliken, it would be used for other purposes than those specified in the permit. The applicants appealed to the district court. Upon hearing, that court not only refused to vacate and modify the order of the probate judge, but affirmed the order and adjudged that the plaintiffs pay all the costs. To this judgment the plaintiffs excepted, and bring the case here.

Section 2, chapter 128, of the act to prohibit the manufacture and sale of intoxicating liquors except for specific purposes, among other things provides that—

"It shall be unlawful for any person or persons to sell or barter, for medical, scientific or mechanical purposes, any malt, vinous, spirituous, fermented or other intoxicating liquors, without first having procured a druggists' permit therefor from the probate judge of the county wherein such druggist may at the time be doing business; and such probate judge is hereby authorized, in his discretion, to grant a druggists' permit for the period of one year, to any person of good moral character, who is lawfully and in good faith engaged in the business of a druggist in his county, and who in his judgment can be intrusted with the responsibility of selling said liquors for the purposes aforesaid, in the manner hereinafter provided."

By the statute, the duty of granting permits is cast upon the person holding the office of probate judge, rather than the probate court. (*Intoxicating-Liquor Cases*, 25 Kas. 751.) The action of a probate judge in such matters is not judicial, and is not reviewable under the statute. The appeals provided for in art. 9, ch. 37, Comp. Laws of 1879, are from decisions of matters arising under the jurisdiction of the probate court, and are therefore not applicable to a case like the one now presented.

Section 540 of the code, to which we are referred, applies only to a tribunal, board, or officers exercising judicial functions; and under this section the plaintiffs have no authority to appeal or prosecute proceedings in error. Under these conclusions, the plaintiffs are without remedy. (*Fulkerson v.*

*Stevens,* 1 Pac. Rep. 261; *Auditor of State v. Railroad Co.,* 6 Kas. 500; *Anthony v. Halderman,* 7 id. 63; *Wilson v. Price-Raid Aud. Com.,* 31 id. 257.)

The judgment of the district court must be affirmed.

All the Justices concurring.